**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

**FILED**

NOV 0 2 2004

Phil Lombardi, Clerk
U.S. DISTRICT COURT

KAREN SCHULTE,

Plaintiff,

vs.

JOHN E. POTTER, Postmaster General,
USPS,

Defendant.

Case No. 03-CV-361-K(M)

## ORDER

"Plaintiff's Motion to Reopen Discovery, to Strike All Dates Presently Scheduled, and

To Permit Supplement to Defendant's Motion for Summary Judgment" [Dkt. 86] is before

the Court for decision.  The matter has been fully briefed and the Court heard argument

and evidence concerning the motion on October 26, 2004.  The motion is DENIED.

### Compliance with Meet and Confer Requirement

The Court finds that Plaintiff has once again failed to comply with Fed.R.Civ.P.

37(a)(2)(B) and N.D.LR 37.1 which both require that a party seeking an order to compel

discovery certify that the movant has in good faith conferred or attempted to confer with

the party failing to make discovery in an effort to secure the information or material without

court action.[1]  At the hearing on the instant motion, Plaintiff's counsel, Robert S. Coffey,

admitted he did not contact opposing counsel and made no attempt to resolve the matter

---

[1]  Plaintiff's motion is in substance a motion to compel production of materials sought in her Requests for Production of Documents Nos. 44 and 45, despite the fact that the motion is not so titled. However, regardless of whether the motion is a motion to compel, N.D.LR. 7.1(E) requires that, prior to filing a non-dispositive motion, counsel must confer in good faith to determine if the dispute can be resolved by agreement and that the first page of any such motion shall state whether opposing counsel objects to the motion. The rule further provides that, unless the court excuses the requirement in the interest of justice, the motion shall not be considered without the statement advising of objections.  Plaintiff also failed to comply with N.D.LR. 7.1.

The Court also notes that Plaintiff's motion did not contain a *verbatim* recitation or copy of the discovery requests and responses which were the subject of her motion, as required by N.D.LR 37.2(D).

91

before filing the instant motion because he had concluded that such an act would be futile. N.D. LR 37.1 outlines specific exceptions to the requirement of an informal conference, counsel's protestation of futility is not among the listed exceptions. The Court's Order dated July 2, 2004, notes counsel's previous similar failure to comply with the conference requirement of N.D.LR 37.1. [Dkt. 72].

Plaintiff's motion is DENIED for the failure to comply with court rules. As an alternative basis, the Court has determined that Plaintiff's motion should be denied on the basis that it is wholly without merit.

### Content of Plaintiff's Motion

In her motion, Plaintiff claims that "in response to Plaintiff's repeated requests that Defendant USPS produce statistical data of its promotion practices, Defendant repeatedly represented ... that such evidence did not exist," and that she "has found evidence that calls into question the veracity of the discovery answers of Defendant USPS (and its further emphatic representations to the Court) concerning the availability of such statistical data." [Dkt. 86, p. 1].

In view of the serious nature of Plaintiff's allegations questioning the veracity of Defendant and its counsel, and the Court's concern about the manner in which Plaintiff has conducted discovery, it was necessary to have a clear record of the discovery requests at issue. Therefore, the Order setting the matter for hearing contained the following requirement:

> At the hearing, Plaintiff shall be prepared to specifically identify the discovery requests and responses referred to in her motion at paragraphs 1 and 3. Plaintiff shall also be prepared to establish at the hearing, by testimony or otherwise, how the evidence "...calls into question the veracity of the discovery

2

answers of Defendant USPS (and its further emphatic representations to the Court)..." [Dkt. 86 at p. 1].

[Dkt. 89]. At the hearing, Plaintiff specifically identified only Requests for Production 44 and 45 as being the discovery requests giving rise to her current motion. Plaintiff's counsel, Mr. Coffey, mentioned four Interrogatories and two Requests for Admission in his opening remarks and argument, but no further specific reference was made to any of those discovery requests as being the foundation for Plaintiff's current motion. Therefore, the Court has considered Plaintiff's motion only as it relates to Plaintiff's Requests for Production of Documents Nos. 44 and 45, the text of which are set forth below:

> NO. 44. Please produce any documents, whether annual or covering any other period of time, prepared by the USPS, constituting, referring or related to a compliance review by the Office of Federal Contract Compliance Programs (or if the USPS does not conduct that specific review, any equivalent or analogical documents reflecting or explaining in any statistical fashion the makeup of the USPS workforce according to age for the last ten (10) years).

> NO. 45. Please produce any documents, whether annual or covering any other period of time, prepared by the Tulsa District USPS, and/or by the statewide (Oklahoma) district, reflecting or explaining in any statistical fashion the makeup of the Tulsa and/or Oklahoma USPS workforce according to age for the last ten (10) years, together with any document giving instructions, directions, guidelines, or further statistical information for the purpose of properly interpreting the statistical information contained therein.

At the hearing and at the Court's express request, Plaintiff provided a copy of Requests 44 and 45. Defendant's responses were not provided. However, the Court found the following concerning Defendant's responses in the Court file [Dkt. 69, Defendant's Response to Plaintiff's Second Motion to Compel, filed June 28, 2004]:

3

> In response [to Request No. 44], the Defendant explained, in
> detail that it is not subject to the OFCCP which enforces and
> [sic] Executive Order and applies only to governmental
> contractors. Further, the agency objected to being tasked with
> identifying what it would consider to be "equivalent" data.
> Defendant's counsel has no idea what "compliance review[s]"
> by the OFCCP might contain or entail and cannot reasonably
> be expected to find "equivalent" data.  Moreover, a mere
> description of the "makeup of the USPS workforce according
> to age" over a ten year time span has no relevant application
> to any of Plaintiff's claims and is obviously over broad
> (extending to the national USPS workforce).

[Dkt. 69, p. 14].  In the same document, concerning Request 45 Defendant stated:

> Defendant maintains that the request is objectionable as it
> clearly reaches information and statistics no fairly implicated by
> any issue in this case.  However, in attempt to cooperate in
> discovery, Labor Relations, the Postmaster's Office in Tulsa;
> the Manager, Post Office Operations Office in Oklahoma City';
> the Diversity Specialist in Oklahoma City and Headquarters for
> the Postal Service in Washington, D.C. were all consulted
> regarding the availability of such documents. Each responded
> that they are not aware of any such reporting of "age"
> information on a localized (Tulsa or Oklahoma) basis.
> Headquarters in Washington, D.C. specifically commented that
> to provide such information would require a new computer
> program to be written and installed.

*Id.* at p. 14-15.

### Discussion

Although Plaintiff's motion recites that she has made repeated requests for

Defendant USPS to produce statistical data of its promotion practices, the subject requests

do not ask for that information.  Requests 44 and 45 relate to documents which have been

previously prepared by the USPS and which reflect, in some statistical fashion, the makeup

of the USPS's workforce according to age for the last ten years.  Asking for statistical data

concerning promotion practices does not equate to asking for statistical data concerning

the makeup of the USPS workforce.  Consequently, the Court finds that, contrary to the representations in her motion, Plaintiff has not repeatedly requested statistical data of USPS promotion practices.

Request for Production Nos. 44 and 45 were the subject of an earlier motion to compel and order:  Plaintiff's Second Motion to Compel [Dkt. 65]; and Order dated July 2, 2004 [Dkt. 72].  In Plaintiff's earlier motion, she characterized these same requests as asking: "only for statistics already in the possession of the post office." [Dkt. 65, p. 11].  In the context of Request Nos. 44 and 45, the Court understands Plaintiff's use of the term "statistics" as meaning some compilation, organization or manipulation of age-related data concerning the USPS workforce, as opposed to production of raw numbers.  Yet, at the hearing on the instant motion, Plaintiff's evidentiary presentation and argument focused on the ability of the USPS to extract raw data (i.e. age and position of USPS promoted employees) from USPS information systems.  Plaintiff's evidentiary presentation and argument simply do not square with the language of Request Nos. 44 and 45 which clearly call for production of statistics which have already been prepared by the USPS.

Despite the fact that the Request Nos. 44 and 45 do not call for production of the information Plaintiff now seeks, Plaintiff claims that newly acquired evidence calls into question the veracity of the Defendant's discovery answers.  The Court finds that Plaintiff's so-called newly acquired evidence has no such effect.  The newly acquired evidence consists of the affidavit of a postal service supervisor which states that the postal service information systems contain data on the age and pay of promoted employees and that to obtain a listing of that data regarding "higher level" assignments, the coordinated efforts

5

of Finance and Human Resources would be required. [Dkt. 86, Reinolds affidavit].[2] This information is not new to Plaintiff or to the Court. When Plaintiff's Second Motion to Compel [Dkt. 65] was considered, the Court acknowledged the existence of such age-related data, but ruled that it would not require Defendant to <u>create</u> reports to respond to Request Nos. 44 and 45. [Dkt. 72, p. 5]. Plaintiff did not appeal the July 2, 2004, Order or seek reconsideration of it at the time it was issued. Considering that the July 2 Order specifically recites that the Court was attempting to "finally resolve the constantly changing discovery requests by Plaintiff" [Dkt. 72, p. 2], it is particularly inappropriate to seek reconsideration at this late stage of the case, especially when the evidence submitted is not "new."

In effect, Plaintiff's current motion seeks to rewrite Requests 44 and 45 to obtain information that was not previously requested. Plaintiff apparently now seeks information for an unspecified period of time concerning the age of persons who were accepted into the same categories of training or temporary programs or positions for which Plaintiff applied. Although Plaintiff may desire this information, and although it may be relevant for discovery purposes, Plaintiff's problem is that her discovery requests do not ask for this information. Since Plaintiff did not ask for the information she now seeks, it follows that Defendant cannot be held to account for having failed to produce that information.

---

[2] Defendant asserts that Mr. Reinolds affidavit was obtained in violation of Oklahoma Rules of Professional Conduct 4.2 which prohibits a lawyer from having *ex parte* communication about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter. This prohibition extends to some managerial personnel of the opposing party organization. 5 Okla. Stat. App. 3-A, Rule 4.2, Committee Comment, *Weeks v. Ind. School Dist. No. I-89*, 230 F.3d 1201 (10th Cir. 2001).

On the basis of the record before it, the Court cannot determine that Rule 4.2 was violated. In any event, Mr. Reinolds affidavit has not benefitted Plaintiff's case.

When the interests of justice dictate, the Court may exercise its discretion and excuse a party's failure to adhere to Court rules or it may accept a broad construction of inartfully drafted discovery requests to ensure the full presentation of a party's case. The interests of justice do not support the exercise of such discretion in this case. Plaintiff has been afforded more than adequate time to develop her case, but has not been diligent in doing so. She has repeatedly failed to follow Court rules, has not properly sought discovery of the information she now seeks, and has offered only speculation that the information she now seeks would assist her case.

## Conclusion

"Plaintiff's Motion to Reopen Discovery, to Strike All Dates Presently Scheduled, and To Permit Supplement to Defendant's Motion for Summary Judgment" [Dkt. 86] is DENIED.

SO ORDERED this ___2nd___ day of November, 2004.

Frank H. McCarthy
United States Magistrate Judge